285th District Court

# Case Summary
## Case No. 2025CI09453

| | | |
|---|---|---|
| **Carmen Laura Martinez VS Kohlberg & Company** § § § | Location: | **285th District Court** |
| | Judicial Officer: | **285th, District Court** |
| | Filed on: | **04/28/2025** |

## Case Information

Case Type: **TORTIOUS INTERFERENCE**
Case Status: **04/28/2025   Pending**

## Assignment Information

**Current Case Assignment**
Case Number       2025CI09453
Court             285th District Court
Date Assigned     04/28/2025
Judicial Officer  285th, District Court

## Party Information

*Lead Attorneys*

**Plaintiff**   **Martinez, Carmen Laura**   **RICHARD, DENNIS**
*Retained*

**Defendant**   **Kohlberg & Company**

## Events and Orders of the Court

04/28/2025   New Cases Filed (OCA)
04/28/2025   PETITION
05/07/2025   FIRST AMENDED PETITION

FILED
4/28/2025 8:56 AM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Mario Hernandez
Bexar County - 285th District Court

Case 5:25-cv-00736   Document 1-2   Filed 06/27/25   Page 2 of 20

2025CI09453

CAUSE NO. _____

| | | |
|---|---|---|
| CARMEN LAURA MARTINEZ, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | ___ JUDICIAL DISTRICT |
| | § | |
| KOHLBERG & COMPANY, d/b/a | § | |
| WORLDWIDE CLINICAL TRIALS, | § | BEXAR COUNTY, TEXAS |
| *Defendant.* | | |

## PLAINTIFF'S ORIGINAL PETITION and JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, CARMEN LAURA MARTINEZ (hereinafter "Martinez" or Plaintiff), complaining of and about KOHLBERG & COMPANY, d/b/a WORLDWIDE CLINICAL TRIALS, (hereinafter referred to as Defendant or "Worldwide"), and for cause of action files this her Plaintiff's Original Petition, showing to the Court as follows:

### I. PARTIES AND SERVICE

1. Plaintiff, Carmen Laura Martinez, is a citizen of the United States and the State of Texas and resides in San Antonio, Texas.

2. Defendant, Worldwide, is a Global Contract Research Organization, majority owned by Kohlberg & Company. Worldwide may be served with process by delivering a copy of Plaintiff's Original Petition, by agreement, to the General Counsel for Worldwide, Gabrielle Lewis, at gabrielle.lewis@worldwide.com. No citation need be issued.

3. This is a Level III case.

### II. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties to this case and all conditions precedent to the filing of this suit have been met. The defamatory conduct and the tortious interference with contract occurred in Bexar County. Worldwide has a facility in San Antonio, Texas and Worldwide does business in Bexar County. Moreover, venue is proper in Bexar County, Texas, pursuant to the Texas Civil Practice and Remedies Code §

1

15.002, as the conduct Plaintiff complains of occurred in Bexar County.t

### III.
### JURY DEMAND

5.      Plaintiff is requesting trial by jury and will tender the statutory jury fee.

### IV.
### AGENCY

6.      Whenever in this petition it is alleged that the Defendant did any act or thing, it is meant that Defendant's officers, agents, servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of or by Defendant and was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees or representatives.

### V.
### FACTS

7.      Martinez capably and competently served Marvel Commercial Solutions (Marvel), a janitorial service provider at Worldwide's San Antonio facility, for 25 years.  On or about March 18, 2025, Martinez was falsely accused of uttering racial epithets against Marian Johnson, an African American, and banned from the Worldwide San Antonio facility located at 2455 Northeast Loop 410.  Marian Johnson, Senior Workplace Services Coordinator, and Corris Jackson, Workplace Manager at Worldwide's San Antonio facility, seized the false accusation as an opportunity to tortiously interfere with Martinez's 25 year contract of employment with Marvel.  These defamatory allegations were published by Johnson and Jackson to multiple employees at Worldwide and Marvel.  These statements were injurious to the office, profession and occupation of Martinez and damage to the reputation of Martinez is presumed.

8.      The allegations made by Johnson and Jackson were known by Defendant and its managers to be false or were made with reckless disregard as to whether they were true or false.  Nevertheless, these statements were communicated and published by Johnson and Jackson  without privilege for doing so and Defendant, through the conduct of Johnson and

2

Copy from re:SearchTX

Jackson, knew and understood the allegations made about Plaintiff to have been made in an accusatory and defamatory context.

9. When these defamatory statements were made and published by Johnson and Jackson on behalf of Worldwide, there was information available to Johnson, Jackson and Worldwide that raised serious doubts about the truth of the statements being communicated and published, but Johnson, Jackson and Worldwide made no effort to prevent the publishing of these false statements about Plaintiff.  Johnson and Jackson were not punished or censured for doing so.  These false allegations were made intentionally, knowingly and with ill will, actual malice and reckless disregard for their truth or falsity, and without legal excuse or privilege.  Again, these false allegations provided Johnson, Jackson and Worldwide with a reason to interfere with the contract of employment that Martinez had enjoyed for 25 years. The false statements about Martinez tended to injure her reputation and expose her to public hatred, contempt, ridicule and financial injury, and to impeach her honesty, integrity, virtue and reputation.  The conduct of Johnson, Jackson and Worldwide was injurious to the office, profession and occupation of Carmen Laura Martinez, amounting to Slander Per Se and Libel Per Se.

10. In Texas, the elements of a Tortious Interference with Contract claim are: 1) an existing contract subject to interference; 2) a willful and intentional act of interference with the contract; 3) that proximately caused Plaintiff's injury and 4) resulted in actual damages. Here, Worldwide knew Martinez enjoyed a 25 year at-will employment contract with Marvel. Martinez was banned from any employment at the Worldwide San Antonio facility.  There was no investigation and the interference was willful and intentional.  Plaintiff lost her 25 year employment with Marvel resulting in substantial financial injury to Martinez.

3

Copy from re:SearchTX

## VI.
## DAMAGES

11.     By reason of Defendant's acts and conduct, as herein alleged, Plaintiff has been damaged as follows:

a.)     Compensatory damages (including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-economic damages).

b.)     Economic damages in the form of lost back pay and lost fringe benefits in the past.  Economic damages, in the form of lost earning capacity and fringe benefits that will, in reasonable probability, be sustained in the future.

c.)     Damage to Plaintiff's reputation both in the past and within reasonable probability in the future as well.

d.)     Punitive damages for Defendant engaging in unlawful intentional Libel and Slander, as well as tortious interference with contract, with reckless indifference to the common law and statutorily protected rights of an aggrieved individual like Plaintiff, Carmen Laura Martinez.

12.     Pursuant to Rule 47 of the Texas Rules of civil Procedure, Plaintiff hereby seeks monetary relief over $250,000.00 and less than $1,000,000.00, including costs, expenses, pre- and post-judgment interests, and attorney's fees. Plaintiffs further request that the non-expedited rules apply in this case.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial of this cause, Plaintiff has and recovers of and from the Defendant actual damages and punitive damages in a sum within the jurisdictional limits of this Court, pre-and post-judgment interest as allowed by law, attorney's fees, costs of Court, and for such other and further relief, both general and special, at law or in equity, to which Plaintiff may show herself justly entitled.

Copy from re:SearchTX

Respectfully submitted,

__/s/*Dennis L. Richard*____
Dennis L. Richard
SBN: 16842600
**LAW OFFICE OF DENNIS L. RICHARD**
14255 Blanco Road
San Antonio, TX 78216
Telephone: (210) 308-6600
Telecopier: (210) 308-6939
dennislrichardlaw@gmail.com

5

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 100141394
Filing Code Description: Petition
Filing Description:
Status as of 4/28/2025 9:10 AM CST

Associated Case Party: CarmenLauraMartinez

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Dennis L. Richard | | dennislrichardlaw@gmail.com | 4/28/2025 8:56:17 AM | SENT |
| Maribel Susil | | maribel.legal@outlook.com | 4/28/2025 8:56:17 AM | SENT |

Copy from re:SearchTX

FILED
5/7/2025 9:11 AM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Luis Riojas
Bexar County - 285th District Court

Case 5:25-cv-00736     Document 1-2     Filed 06/27/25     Page 8 of 20

CAUSE NO. 2025CI09453

| | | |
|---|---|---|
| CARMEN LAURA MARTINEZ, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | 285TH JUDICIAL DISTRICT |
| | § | |
| WORLDWIDE CLINICAL TRIALS | § | |
| EARLY PHASE SERVICES, LLC, | § | BEXAR COUNTY, TEXAS |
| d/b/a WORLDWIDE CLINICAL | | |
| TRIALS, | | |
| *Defendant.* | | |

### PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, CARMEN LAURA MARTINEZ (hereinafter "Martinez" or Plaintiff), complaining of and about WORLDWIDE CLINICAL TRIALS EARLY PHASE SERVICES, LLC, d/b/a WORLDWIDE CLINICAL TRIALS, (hereinafter referred to as Defendant or "Worldwide"), and for cause of action files this her Plaintiff's First Amended Original Petition, showing to the Court as follows:

### I.
### PARTIES AND SERVICE

1.  Plaintiff, Carmen Laura Martinez, is a citizen of the United States and the State of Texas and resides in San Antonio, Texas.

2.  Defendant, Worldwide, is a Global Contract Research Organization doing business in Bexar County, Texas. Worldwide may be served with process by delivering a copy of Plaintiff's First Amended Original Petition, by agreement, to Counsel for Worldwide, Scott Brutocao, at sbrutocao@cornellsmith.com. No citation need be issued.

3.  This is a Level III case.

1

## II.
## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter and the parties to this case and all conditions precedent to the filing of this suit have been met. The defamatory conduct and the tortious interference with contract occurred in Bexar County. Worldwide has a facility in San Antonio, Texas and Worldwide does business in Bexar County. Moreover, venue is proper in Bexar County, Texas, pursuant to the Texas Civil Practice and Remedies Code § 15.002, as the conduct Plaintiff complains of occurred in Bexar County.

## III.
## JURY DEMAND

5.      Plaintiff is requesting trial by jury and has tendered the statutory jury fee.

## IV.
## AGENCY

6.      Whenever in this petition it is alleged that the Defendant did any act or thing, it is meant that Defendant's officers, agents, servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of or by Defendant and was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees or representatives.

## V.
## FACTS

7.      Martinez capably and competently served Marvel Commercial Solutions (Marvel), a janitorial service provider at Worldwide's San Antonio facility, for 25 years. On or about March 18, 2025, Martinez was falsely accused of uttering racial epithets

2

Copy from re:SearchTX

against Marian Johnson, an African American, and banned from the Worldwide San Antonio facility located at 2455 Northeast Loop 410. Marian Johnson, Senior Workplace Services Coordinator, and Corris Jackson, Workplace Manager at Worldwide's San Antonio facility, seized the false accusation as an opportunity to tortiously interfere with Martinez's 25 year contract of employment with Marvel. These defamatory allegations were published by Johnson and Jackson to multiple employees at Worldwide and Marvel. These statements were injurious to the office, profession and occupation of Martinez and damage to the reputation of Martinez is presumed.

8. The allegations made by Johnson and Jackson were known by Defendant and its managers to be false or were made with reckless disregard as to whether they were true or false. Nevertheless, these statements were communicated and published by Johnson and Jackson without privilege for doing so and Defendant, through the conduct of Johnson and Jackson, knew and understood the allegations made about Plaintiff to have been made in an accusatory and defamatory context.

9. When these defamatory statements were made and published by Johnson and Jackson on behalf of Worldwide, there was information available to Johnson, Jackson and Worldwide that raised serious doubts about the truth of the statements being communicated and published, but Johnson, Jackson and Worldwide made no effort to prevent the publishing of these false statements about Plaintiff. Johnson and Jackson were not punished or censured for doing so. These false allegations were made intentionally, knowingly and with ill will, actual malice and reckless disregard for their truth or falsity, and without legal excuse or privilege. Again, these false allegations provided Johnson, Jackson and Worldwide with a reason to interfere with the contract of employment that Martinez had enjoyed for 25 years. The false statements about Martinez

3

Copy from re:SearchTX

tended to injure her reputation and expose her to public hatred, contempt, ridicule and financial injury, and to impeach her honesty, integrity, virtue and reputation. The conduct of Johnson, Jackson and Worldwide was injurious to the office, profession and occupation of Carmen Laura Martinez, amounting to Slander Per Se and Libel Per Se.

10. In Texas, the elements of a Tortious Interference with Contract claim are: 1) an existing contract subject to interference; 2) a willful and intentional act of interference with the contract; 3) that proximately caused Plaintiff's injury and 4) resulted in actual damages. Here, Worldwide knew Martinez enjoyed a 25 year at-will employment contract with Marvel. Martinez was banned from any employment at the Worldwide San Antonio facility. There was no investigation and the interference was willful and intentional. Plaintiff lost her 25 year employment with Marvel resulting in substantial financial injury to Martinez.

## VI.
## DAMAGES

11. By reason of Defendant's acts and conduct, as herein alleged, Plaintiff has been damaged as follows:

a.) Compensatory damages (including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-economic damages).

b.) Economic damages in the form of lost back pay and lost fringe benefits in the past. Economic damages, in the form of lost earning capacity and fringe benefits that will, in reasonable probability, be sustained in the future.

c.) Damage to Plaintiff's reputation both in the past and within reasonable probability in the future as well.

4

Copy from re:SearchTX

    d.)    Punitive damages for Defendant engaging in unlawful intentional Libel and Slander, as well as tortious interference with contract, with reckless indifference to the common law and statutorily protected rights of an aggrieved individual like Plaintiff, Carmen Laura Martinez.

12.    Pursuant to Rule 47 of the Texas Rules of civil Procedure, Plaintiff hereby seeks monetary relief over $250,000.00 and less than $1,000,000.00, including costs, expenses, pre- and post-judgment interests, and attorney's fees. Plaintiffs further request that the non-expedited rules apply in this case.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial of this cause, Plaintiff has and recovers of and from the Defendant actual damages and punitive damages in a sum within the jurisdictional limits of this Court, pre-and post-judgment interest as allowed by law, attorney's fees, costs of Court, and for such other and further relief, both general and special, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

__/s/ *Dennis L. Richard*____
Dennis L. Richard
SBN: 16842600
**LAW OFFICE OF DENNIS L. RICHARD**
14255 Blanco Road
San Antonio, TX 78216
Telephone: (210) 308-6600
Telecopier: (210) 308-6939
dennislrichardlaw@gmail.com

5

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 100528997
Filing Code Description: FIRST AMENDED PETITION
Filing Description:
Status as of 5/9/2025 11:23 AM CST

Associated Case Party: CarmenLauraMartinez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Dennis L. Richard | | dennislrichardlaw@gmail.com | 5/7/2025 9:11:17 AM | SENT |
| Maribel Susil | | maribel.legal@outlook.com | 5/7/2025 9:11:17 AM | SENT |

**CASE NO. 2025CI9453**

| | | |
|---|---|---|
| **CARMEN LAURA MARTINEZ,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| **WORLDWIDE CLINICAL TRIALS** | § | |
| **EARLY PHASE SERVICES, LLC, d/b/a** | § | |
| **WORLDWIDE CLINICAL TRIALS.,** | § | |
| **Defendant.** | § | **285TH JUDICIAL DISTRICT** |

## DEFENDANT WORLDWIDE CLINICAL TRIALS EARLY PHASE SERVICES, LLC, d/b/a WORLDWIDE CLINICAL TRIALS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendant Worldwide Clinical Trials Early Phase Services, LLC d/b/a Worldwide Clinical Trials ("Worldwide Clinical Trials" or "Defendant") submits this, its Original Answer and Affirmative Defenses, to Plaintiff's First Amended Original Petition ("Petition") and would show the Court as follows:

### I.

### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every allegation contained in the Petition and any supplement or amendment thereto and demands strict proof thereof by a preponderance of the evidence.

### II.

### DEFENDANT'S AFFIRMATIVE DEFENSES

Subject to and without waiving its general denial, and in the alternative, if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant affirmatively pleads as follows:

1. Plaintiff has failed to state a claim upon which relief can be granted in the Petition.

2. The alleged defamatory statements were true.

3. The alleged defamatory statements were substantially true.

4. The alleged defamatory statements were statements of opinion.

5. The alleged defamatory statements were subject to qualified privilege.

6. Any claims for punitive or exemplary damages are barred because Plaintiff cannot prove that Defendant acted with actual malice, willfulness, wantonness, bad faith, or reckless indifference relative to him.

7. Defendant asserts that to the extent the Petition seeks punitive or exemplary damages, it violates Defendant's rights to procedural and substantive due process and its right to protection from "excessive fines" as provided in the Fourteenth, Fourth and Eighth Amendments to the United States Constitution and any parallel state law. Therefore, the Petition fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

8. To the extent that Plaintiff's claims or filings occurred outside any applicable statutory periods, those claims are barred.

9. Defendant's conduct was privileged and justified and was an exercise of its legal rights, and thus it cannot serve as the basis for Plaintiff's tortious interference claim.

10. The alleged interference with Plaintiff's contract was in good faith, in furtherance of the interests of Defendant, and was not wrongful.

11. Plaintiff's claims are barred by the doctrine of unclean hands.

12. Plaintiff's claims are barred to the extent that she has failed to mitigate her damages.

13. Subject to and without waiving the foregoing, and without waiving Plaintiff's burden to show to the contrary, Defendant asserts that Plaintiff's claims for damages are subject to all applicable limitations on such damages as set forth in state and federal law.

14. Defendant reserves the right to assert further defenses, including affirmative defenses, as they become evident through discovery or investigation.

**WHEREFORE**, having fully answered, Defendant requests that this Court enter judgment in its favor dismissing the Petition, and award Defendant its reasonable costs, attorney fees, and all such other relief as may be just and proper.

Respectfully submitted,

**CORNELL SMITH MIERL BRUTOCAO BURTON, LLP**
1607 West Avenue
Austin, Texas 78701
Telephone: (512) 328-1540
Telecopy: (512) 328-1541

Scott Brutocao
State Bar No. 24025781
sbrutocao@cornellsmith.com

Mary B. Quimby
State Bar No. 24132506
mquimby@cornellsmith.com

By: */s/ Scott Brutocao*
     Scott Brutocao

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      I certify that on June 26, 2025, I sent a true and correct copy of this document by electronic service to the following representative of record:

Dennis L. Richard
Law Office of Dennis L. Richard
14255 Blanco Road
San Antonio, TX  78216
dennisrichardlaw@gmail.com


                                                                      By: */s/ Scott Brutocao*
                                                                            Scott Brutocao

   MQ

# Details - Case # 2025CI09453 - Envelope # 102476983

## Envelope

**Envelope ID**
102476983

**Submitted date**
06/26/2025 1:30 PM

**Submitted by**
Mary Quimby

**Username**
mquimby@cornellsmith.com

## Case Information

**Court Location**
Bexar County - 285th District Court

**Case Type**
Tortious Interference

**Case Category**
Civil - Other Civil

**Judge**
285th, District Court

## Parties

| Party Type | Party Name | Lead Attorney |
|---|---|---|
| Defendant | Kohlberg & Company | |
| Plaintiff | Carmen Laura Martinez | DENNIS RICHARD |

## Filings

**Filing Code**
Answer/Contest/Response/Waiver

**Filing Type**
eFile and Serve

**Filing Description**
Defendant Worldwide Clinical Trials Early Phase Services, LLC, d/b/a Worldwide Clinical Trials' Original Anwer and Affirmative Defenses

**Client Ref #**

## Service Contacts

| Party Type | Party Name | Service Contacts |
|---|---|---|
| Defendant | Kohlberg & Company | 0 |
| Plaintiff | Carmen Laura Martinez | 0 |
| Other Service Contacts | | 2 |

**Service Contact**
Maribel Susil

**Service method**
EServe
View Logs

**Email**
maribel.legal@outlook.com

**Status**
Served: 06/26/2025 1:30 PM, Opened: 06/26/2025 5:05 PM

**Service Contact**
Dennis L. Richard

**Service method**
EServe
View Logs

**Email**
dennislrichardlaw@gmail.com

**Status**
Served: 06/26/2025 1:30 PM

## Fees

**Payment account**
Scott AMEX

**Party responsible for envelope fees**
Worldwide Clinical Trials Early Phase Services, LLC, d/b/a Worldwide Clinical Trials

**Filing attorney**

**Filer Type**
Attorney/ Other

**Order ID**

**Transaction Response**

**Transaction Amount**

MQ

151345516

| Total | $0.00 |
|---|---|
| **Grand Total** | **$0.00** |